**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| BRANDIN LEE JOHNSON,<br><br>       Plaintiff,<br><br>vs.<br><br>STEVEN ROSE, Deputy DA,<br><br>       Defendants. | 2:20-cv-00776-APG-VCF<br><br>**ORDER**<br><br>Response (ECF No. 4) |

Before the Court is pro se plaintiff Brandin Lee Johnson's document titled response/objection to order (ECF No. 4). The Clerk docketed Johnson's complaint on April 27, 2020, noting that plaintiff submitted his complaint to this Court, but he did not pay the required filing fee or file an application to proceed in forma pauperis. (ECF No. 1). On April 29, 2020, the Clerk sent Johnson an advisory letter informing him that he must, "comply with our Local Rules of Practice for the U.S. District Court District of Nevada" and that if he wishes to proceed without paying a filing fee (in forma pauperis) he, "must complete an application to proceed in forma pauperis on this Court's approved form." (ECF No. 2 at 1). On June 2, 2020, the Court ordered that Johnson must either pay the filing fee or complete the in forma pauperis application within 30 days if he wants the Court to screen[1] his complaint. (ECF No. 3 at 2). The plaintiff is incarcerated and self-represented.

The plaintiff states in his response that he did not receive the advisory letter from the Clerk. (ECF No. 4 at 2). The plaintiff also restates his complaint in the form of a declaration in his response. (*Id*. at 5-10).  The Court is mindful of its obligation to liberally construe a pro se party's pleadings. See

---

[1] Section 1915 requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B).

1

*Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) ("A document filed pro se is 'to be liberally construed'…") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)). Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. "Reconsideration is appropriate if the district court [*4] (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); LR 59-1. A motion for reconsideration "may not be used to raise arguments…for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

The Court liberally construes plaintiff's response as a motion for reconsideration rather than an objection to this Court's order because the plaintiff only objected to the fact that he did not receive the advisory letter. Since the plaintiff did not receive the letter, he could not have raised the issue earlier. The Court directs the Clerk to mail plaintiff (1) a copy of the advisory letter (docketed at ECF No. 2); and (2) the Court's application form and instructions to proceed in forma pauperis. The Court will give the plaintiff another opportunity to comply with this Court's rules: plaintiff must either pay the filing fee or complete the in forma pauperis application within 30 days of this Order or the Court will dismiss this case. If the plaintiff wishes to proceed in forma pauperis and fills out the application, the Court will screen the application and complaint at that time.

Accordingly,

IT IS ORDERED that the Clerk of Court mail plaintiff Brandin Lee Johnson (1) a copy of the advisory letter (docketed at ECF No. 2); and (2) the Court's application form and instructions to proceed in forma pauperis.

IT IS FURTHER ORDERED has until Thursday, September 10, 2020, to either pay the filing fee or file an in forma pauperis application on this Court's approved form. Failure to pay the filing fee or file the in forma pauperis application will result in dismissal.

IT IS FURTHER ORDERED that if the plaintiff does not pay the filing fee, but timely files an in forma pauperis application, the Clerk of the Court is directed NOT to issue summons or file the Complaint.  The Court will screen the complaint at that time.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).  Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

DATED this 11th day of August 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE